Case 2:21-cv-00279-SMJ    ECF No. 22    filed 06/02/22    PageID.185    Page 1 of 12

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 02, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTATE OF KAREN THIEL, and LAMAR THIEL, and the marital community thereof,<br><br>Plaintiffs,<br><br>v.<br><br>ADAMS COUNTY PUBLIC HOSPITAL DISTRICT #2, a Washington Public Hospital District doing business as East Adams Rural Healthcare doing business as East Adams Rural Hospital, and MATTHEW MECHAM, an individual,<br><br>Defendants. | No.   2:21-cv-00279-SMJ<br><br>**ORDER REGARDING MOTION TO DISMISS** |

Before the Court, without oral argument, is Defendants' Motion for Partial Dismissal for Failure to State a Claim Pursuant to FRCP 12(b)(6), ECF No. 12. After review of the motion and the file, the Court grants the motion in part and denies it in part.

## BACKGROUND

Prior to her death on September 29, 2021, Karen Thiel was a lewy body dementia patient who spent two stays at East Adams Rural Hospital's swing bed

ORDER REGARDING MOTION TO DISMISS – 1

facility in 2019, one beginning in January and ending in late February, and another beginning in May and continuing until October. *See* ECF Nos. 5 at 3–6; 18 at 2. According to Plaintiffs' First Amended Complaint, Ms. Thiel's communication skills were limited during her stays at the Hospital due to her dementia, and she required "specialized attention and assessment to receive the quality of care the other patients routinely received." ECF No. 5 at 2. The claims at issue here principally concern the care Ms. Thiel received surrounding two falls she suffered while at the Hospital, though Plaintiffs also allege deficient treatment for Ms. Thiel's ulcer.

A.   **First Fall – January 29, 2019**

In the early morning of January 29, 2019, Ms. Thiel exhibited "a physical need," but Hospital staff "ignored that need and left her alone in her chair." ECF No. 5 at 3; *see also* ECF No. 18 at 2 ("[S]taff ignored clear signs that Karen Thiel had a physical need, perhaps to move to the restroom or engage in some other activity."). As a result, "she attempted to stand up and suffered a fall," breaking her hip. ECF No. 5 at 3. Hospital nursing staff, including Matthew Mecham, knew of the fall immediately after it occurred. *Id.* ("According to [Hospital] records, Mecham heard Karen Thiel calling for help and heard her complaining about hip pain.").

//

ORDER REGARDING MOTION TO DISMISS – 2

After Ms. Thiel fell, "staff did not properly examine [her] for injuries." *Id.* at 4. Instead, staff "placed her back in her chair and undertook no other efforts to provide the care she needed." *Id.* No staff member entered the fall into Ms. Thiel's medical chart and staff "failed to inform other staff about the fall." *Id.* Because of these failures, the Hospital "moved Karen Thiel and attempted to have her walk on her broken hip on multiple occasions before [] her injuries were detected." *Id.* "Staff members charted that they knew of no reason for her to be in pain." *Id.*

A day or two after the fall, physical therapy staff discovered the injury when they attempted to make Ms. Thiel walk. *Id.* The next day—approximately 36 hours after he witnessed Ms. Thiel fall—Mr. Mecham updated Ms. Thiel's chart, "attempt[ing] to create a backdated record of the fall." *Id.* at 4–5. As a result of her injury, Ms. Thiel was sent to Spokane, Washington for surgery. *Id.* at 4. She later returned for a second stay at the Hospital to recuperate. *Id.*

Plaintiffs allege, based upon information and belief, that Hospital staff, including Mr. Mecham, treated Ms. Thiel differently than other Hospital patients because she had dementia and a limited ability to communicate, meaning she was unable to complain about neglect, mistreatment, pain, or other issues with the quality of her care. *Id.* at 5.

//

//

ORDER REGARDING MOTION TO DISMISS – 3

Case 2:21-cv-00279-SMJ    ECF No. 22    filed 06/02/22    PageID.188    Page 4 of 12

## B. Second Fall – August 29, 2019

On the evening of August 29, 2019, Karen was left in the Hospital dining area in the care of "Steve with environmental services," who was not a licensed medical provider. *Id.* Plaintiff alleges that other patients at EARH were not left in the care of Steve. *Id.* at 6. Eventually, Steve also left the dining area, leaving Ms. Thiel without any Hospital staff. *Id.* While alone, Ms. Thiel suffered a fall, causing her pain, suffering, and emotional distress. *Id.*

## C. Pressure Ulcer

Less relevant to the issues addressed in this Order, Plaintiffs also allege that when Ms. Thiel was admitted to the Hospital in May of 2019, she had a pressure ulcer. *Id.* Hospital staff allegedly breached the standard of care by treating the wound improperly for more than three months without reassessing the treatment strategy. *Id.* As a result, Ms. Thiel suffered delayed healing, increased pain and suffering and other damages. *Id.*

## D. Complaint and Allegations

Plaintiffs Lamar Thiel and the Estate of Karen Thiel bring four claims against East Adams Rural Hospital and Matthew Mecham. *Id.* at 6–8. First, Plaintiffs bring a medical negligence claim, alleging that the Hospital and its staff breached their duty of care on multiple occasions by negligently providing care to Ms. Thiel, resulting in "damages, including, but not limited to injuries, emotional distress and

pain and suffering." *Id.* at 7. Second, Plaintiffs bring a claim against Mr. Mecham under 42 U.S.C. § 1983, alleging that Mr. Mecham, with no rational basis for doing so, "deprived Ms. Thiel of her constitutional rights by failing to document or inform other staff of her January 29, 2019 fall until many hours after it occurred . . . because [Ms.] Thiel is a dementia patient with limited ability to advocate for herself or inform others of her mistreatment." *Id.*[1] Third, Plaintiffs bring a claim in ordinary negligence, alleging that the Hospital breached its duty of care on at least one occasion, causing Ms. Thiel to suffer damages, including but not limited to, pain and suffering. *Id.* at 8. Fourth, and finally, Plaintiffs sue for unlawful discrimination under the Washington Law Against Discrimination, alleging that Ms. Thiel received inferior care because she had dementia. *Id.* Defendant seek dismissal of Plaintiff's Second, Third, and Fourth claims. ECF No. 12 at 1–2 (citing Fed. R. Civ. P. 12(b)(1) and 12(b)(6)).

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Federal Rule of

---

[1] Plaintiffs' Second Claim, in the main, refers only to Mr. Mecham, but on one occasion refers to Mr. Mecham and the Hospital. ECF No. 5 at 7. Nevertheless, in Plaintiffs' response to the motion to dismiss, Plaintiffs aver that the claim is brought against only Mr. Mecham, and so the Court will proceed as though he is the only defendant against whom Plaintiffs lodge a Section 1983 claim. *See* ECF No. 18 at 9.

ORDER REGARDING MOTION TO DISMISS – 5

Civil Procedure 12(b)(6), the Court must dismiss the complaint if it "fail[s] to state a claim upon which relief can be granted."

In deciding a Rule 12(b)(6) motion, the Court construes the complaint in the light most favorable to the plaintiff and draws all reasonable inferences in the plaintiff's favor. *Ass'n for L.A. Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011). Thus, the Court must accept as true all factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But the Court may disregard legal conclusions couched as factual allegations. *See id.*

To survive a Rule 12(b)(6) motion, the complaint must contain "*some* viable legal theory" and provide "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 562 (2007) (internal quotation marks and ellipsis omitted). Thus, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists where the complaint pleads facts permitting a reasonable inference that the defendant is liable to the plaintiff for the misconduct alleged. *Id.* Plausibility does not require probability but demands more than a mere possibility of liability. *Id.* While the complaint need not contain detailed factual allegations, threadbare recitals of a cause of action's elements, supported only by conclusory statements, do not suffice. *Id.* Whether the complaint states a facially plausible

ORDER REGARDING MOTION TO DISMISS – 6

claim for relief is a context-specific inquiry requiring the Court to draw from its judicial experience and common sense. *Id.* at 679.

## DISCUSSION

**A.    Plaintiff's Equal Protection Claim under Section 1983**

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under Section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard

ORDER REGARDING MOTION TO DISMISS – 7

'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Dow*, 457 U.S. 202, 216 (1982)). There are two recognized theories on which Plaintiffs can successfully claim an equal protection violation. First, Plaintiffs may establish that Defendants intentionally discriminated against her based on her membership in a protected class. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Second, Plaintiffs may establish that Ms. Thiel was intentionally treated differently than similarly situated individuals without a rational relationship to a legitimate state purpose, commonly referred to as a "class of one" claim." *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 601–02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Although claims such as Plaintiffs', which do not specify which theory they are proceedings on, could arguably be analyzed under either or both theories, Plaintiffs clarified in their response brief that they seek to bring a "class of one"

ORDER REGARDING MOTION TO DISMISS – 8

claim. ECF No. 18 at 6–8. As such, the Court evaluates the claim under that theory alone.

Here, Plaintiffs allege that Mr. Mecham, an employee of a state hospital, treated Ms. Thiel differently than the other patients by failing to document or inform other staff of her January 29, 2019 fall. ECF No. 5 at 7. Plaintiffs further allege that Mr. Mecham had no rational basis to treat Ms. Thiel differently in this way, but instead did so because of her medical condition. *Id.* As such, Plaintiffs have plausibly alleged sufficient facts to make out a class of one equal protection claim.

**B.    Plaintiffs' State Law Claims for Ordinary Negligence and Unlawful Discrimination**

Under RCW 7.70.10, the state of Washington, exercising its police and sovereign power, "preempted 'all civil actions and causes of action, whether based on tort, contract, or otherwise, for damages for injury occurring as a result of health care.'" *Reed v. ANM Health Care*, 225 P.3d 1012, 1014 (quoting RCW 7.70.010). Plaintiffs seeking damages for injuries occurring as a result of health care must therefore bring a medical malpractice suit limited to three theories of liability:

> (1) That injury resulted from the failure of a health care provider to follow the accepted standard of care; (2) That a health care provider promised the patient or his or her representative that the injury suffered would not occur; (3) That injury resulted from health care to which the patient or his or her representative did not consent.

ORDER REGARDING MOTION TO DISMISS – 9

RCW 7.70.030(1)–(3). Defendant argues that Plaintiffs' state law claims for ordinary negligence and unlawful discrimination must be dismissed because "Plaintiffs' claims are medical negligence claims which fall under RCW 7.70". ECF No. 12 at 15.

Plaintiffs' main defense in opposition to dismissal of these counts is that the allegations in Claims 3 and 4 do not concern injury occurring *as a result of health care*. ECF No. 18 at 10–16. Instead, Plaintiffs argue, the claims concern at least some "injuries [that] were not the result of a medical professional 'utilizing the skills' of their profession in 'diagnosing treating or caring for' a patient," but instead alleges that Hospital staff left Ms. Thiel "*alone* 'in the care of "Steve with environmental services" who was not a properly licensed caregiver,' and that Steve and [the Hospital] owed Karen Thiel an ordinary duty of care." *Id.* at 12.

In support, Plaintiffs point to an unpublished Washington Court of Appeals decision, *Kipfer v. Providence Health & Servs. – Washington*, No. 81155-0-1, 2021 WL 164706 at *2 (Jan. 19, 2021) (unpublished). In *Kipfer*, the Washington Court of Appeals held that the plaintiff's claims were not ones of medical nature because her injury occurred prior to the anticipated blood draw and instead stemmed from the fact that she was asked to sit in a swivel chair. *Id.* As such, "the claim was in the nature of premises liability negligence, not health care professional negligence." *Id.*

ORDER REGARDING MOTION TO DISMISS – 10

But Plaintiffs' claims here are not ones in the nature of premises liability, and *Kipfer* is otherwise inapposite. Even construing the allegations in Plaintiffs' First Amended Complaint in their favor, the foundation of their claims is that, because Ms. Thiel had dementia, a critical aspect of her care was to provide her with the requisite care of someone with her condition, including but not limited to recording her conditions and injuries, and not leaving her unaccompanied or else not neglecting her when she showed signs of needing to get up. *See* ECF No. 5 at 3–6. This is precisely the kind of claim subsumed into RCW 7.70, and Plaintiffs cannot circumvent the consequences of that provision simply by alleging that Defendants negligently *failed* to provide care. Nor, for that matter, can they circumvent the statute by claiming for the first time in their response that the negligence was Steve's, as Plaintiffs have not sufficiently alleged that Steve, who is a custodian at the Hospital but not a named defendant in this matter, had any duty to stay and care for Ms. Thiel when she was in the dining area.

Plaintiffs' claims for ordinary negligence and unlawful discrimination are claims for damages "occurring as a result of health care," as that term is used in RCW 7.70.10. Given this, the claims fall under RCW 7.70 and can only be brought as medical negligence claims on the three theories set out in 7.70.030(1)–(3). Accordingly, these claims are dismissed with prejudice.

//

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Partial Dismissal for Failure to State a Claim Pursuant to FRCP 12(b)(6), **ECF No. 12**, is **DENIED IN PART AND GRANTED IN PART**.

    A. Plaintiffs' claims for ordinary negligence and unlawful discrimination are **DISMISSED WITH PREJUDICE**. *See* ECF No. 5 at 8. To the extent Plaintiffs allege a Section 1983 claim against the Hospital, that claim is **DISMISSED WITHOUT PREJUDICE**. Only Plaintiffs' claim for medical negligence and Plaintiffs' claim under Section 1983 against Mr. Mecham remain.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 2nd day of May 2022.

SALVADOR MENDOZA, JR.
United States District Judge

ORDER REGARDING MOTION TO DISMISS – 12