FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 09, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTATE OF KAREN THIEL, and LAMAR THIEL,<br><br>Plaintiffs,<br><br>v.<br><br>ADAMS COUNTY PUBLIC HOSPITAL DISTRICT NO. 2, d/b/a EAST ADAMS RURAL HEALTHCARE, d/b/a EAST ADAMS RURAL HOSPITAL, a Washington Public Hospital District, and MATTHEW MECHAM, an individual,<br><br>Defendants. | No. 2:21-CV-00279-SAB<br><br>**ORDER GRANTING AND DENYING MOTIONS FOR SUMMARY JUDGMENT; REMANDING CASE** |

Before the Court are Defendant Adams County Public Hospital District No. 2's Motion for Partial Summary Judgment, ECF No. 80, Defendant Matthew Mecham's Renewed Motion for Summary Judgment, ECF No. 83, and Plaintiff Lamar Thiel's, individually and as a personal representative of Karen Thiel, Motion for Partial Summary Judgment. ECF Nos. 84 and 85. Plaintiffs are represented by Trevor W. Matthews. Defendants are represented by Markus Louvier, Neal Peters, and Scott Flage.

This matter concerns alleged negligence, discrimination, and federal equal protection claims. The motions address four out of Plaintiffs' six claims. This case

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT IN PART; REMANDING CASE # 1**

involves alleged federal and state claims surrounding misconduct and negligence by Matthew Mecham ("Mecham"), an employee of the Adams County Public Hospital District No. 2 ("EARH"), a public hospital, after Karen Thiel ("Thiel") fell and broke her hip as a resident of EARH.

Plaintiffs allege that Defendants violated Plaintiffs' constitutional rights, rights conferred by FNHRA, Washington's Law Against Discrimination, and was negligent in their medical care of Thiel. Defendant EARH filed a Motion for Partial Summary Judgment on Claims I, II, V, and VI. EARH argues Claim I fails for lack of causation regarding incidents II and III. EARH also claims Plaintiffs' § 1983 claims fail for lack of support from the law and facts, and that *Monell* bars EARH's liability. Defendant Mecham joined EARH in its motion and filed his own Renewed Motion for Summary Judgment on Claim II, arguing Plaintiffs failed to plead the elements of a class of one equal protection claim. Mecham also argues he is entitled to qualified immunity. Finally, Plaintiffs filed their Motion for Partial Summary Judgment on Claims I and III, claiming there is no dispute of fact that EARH breached a duty owed to Thiel. Finally, Defendants filed a Motion to Strike two of Plaintiffs' submissions.

Based upon the briefing, the caselaw, and the parties' arguments, the Court grants summary judgment in favor of Defendants in part, dismisses Plaintiffs' motion for partial summary judgment as moot, dismisses the parties' motions to exclude as moot, dismisses Defendants' motion to strike as moot, dismisses Plaintiffs' motion to compel as moot, and declines supplemental jurisdiction of the remaining state claims Therefore, this matter is remanded to the Superior Court of Washington, in and for Adams County.

### Facts

The following facts are drawn from Plaintiffs' first and second Amended Complaints, ECF Nos. 5, 74, and Plaintiff Lamar Thiel's Declaration in Support of his motion for summary judgment, ECF No. 87. Facts are also found in

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT IN PART; REMANDING CASE # 2**

Defendant's Statement of Material Facts Not in Dispute, ECF No. 81, Defendants' Statement of Disputed Material Facts, ECF No. 96, and Trevor Matthews' Declaration in Opposition to Plaintiffs' Summary Judgment, ECF No. 100. The facts are construed in the light most favorable to the non-moving party, Plaintiffs Thiel and Lamar Thiel.

Karen Thiel was an eighty-two-year-old lewy body dementia patient before her death on September 29, 2021. Lamar Thiel is Karen Thiel's surviving spouse and personal representative. EARH is a Washington Public Hospital District located in Ritzville, Washington. Mecham was and is a registered nurse and Charge Nurse at EARH. Mecham was acting in his official capacity as the EARH Charge Nurse (the highest-ranking nurse at the time) at the relevant times before and after Thiel was injured.

The facts of this case arise from the three following incidents:

*Incident I*

On or about January 9, 2019, Thiel was admitted into the swing bed facility at EARH for skilled nursing and rehabilitation. Thiel suffered from lewy body dementia, osteoporosis and had recently suffered a hip fracture from a fall at home. These conditions limited Thiel's ability to communicate. Mecham was an emergency room nurse at EARH. His role included handling emergency patients and occasionally assisting outpatients.

On January 29, 2019, between 6:00 and 6:30 a.m., Thiel fell at EARH. On that date, Mecham was working the night shift, which ended at 6:30 a.m. Mecham had heard "Thiel calling for help," before he responded to her room with a nursing assistant. Thiel was returned to her chair. Plaintiffs allege Mecham did not properly examine Thiel for injuries and took no further steps to provide care. Defendants allege Mecham conducted a physical examination of Thiel's leg after the fall which did not reveal any "obvious discomfort." According to Mecham's Deposition, he and the nursing assistant discussed watching Thiel's left leg and the

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT IN PART; REMANDING CASE # 3**

possibility that she may need an x-ray. Mecham stated in his deposition that he told the nursing assistant, who was on the day shift, to tell other members of the nursing team about the fall. He did not tell the nurse taking over for him on the day shift. The nursing assistant testified she does not remember what Mecham told her after the fall.

Later that day, "EARH moved Thiel and attempted to have her walk on her broken hip on multiple occasions before her injuries were detected." ECF "Care providers charted that they knew of no reason for her to be in pain." Hospital staff discovered the fall had broken Thiel's hip only after she attended physical therapy, where physical therapy staff, unaware of her fall, had Thiel walk on a broken hip multiple times. Physical therapist Dustin Killian documented Thiel's complaints of pain and noted "nursing [was] unaware of any new incident that would have caused increase in pain, of pain in [left] hip." An x-ray in late morning revealed Thiel's left hip was broken, for which she was sent to Sacred Heart Hospital in Spokane, WA, for surgical treatment before returning to EARH to recuperate.

Mecham stated in his deposition that a long-term care nurse named Tami Burns ("Burns") called Mecham in the late morning of January 29, 2019. Burns asked Mecham about Thiel and he responded that he found her on the ground that morning. Mecham stated he believed Thiel had already gone to Sacred Heart Hospital by the time of the call. Mecham updated Thiel's chart approximately thirty-six hours after her fall to include the incident and backdated it to the time of the fall. Therefore, Thiel's chart did not indicate she had fallen until after her physical therapy appointment.

According to EARH "Falls/ Post Fall Policy," after a patient falls, he or she should be evaluated for fall risk. Additionally, staff should perform a Post-Fall huddle and a post-fall huddle form should be filled out and returned. Charlene Morgan, Adams County Public Health District's Fed. R. Civ. P. 30(b)(6) designee and the EARH's Chief Nursing Officer, stated in her deposition that Mecham's

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT IN PART; REMANDING CASE # 4**

chart of the fall was not timely done according to EARH policy and procedures, and his response to Thiel's unwitnessed fall did not comply with the policies and procedures of EARH.

*Incident II*

On or about May 9, 2019, Thiel was again admitted to EARH's swing bed facility. On the evening of August 29, 2019, Thiel was left alone in EARH's dining area in the care of "Steve with environmental services," who was not a licensed medical provider. Thereafter, Steve left the room. While alone, Thiel fell and was injured. Thiel was forced to move facilities as a result, which damaged Lamar Thiel.

*Incident III*

Thiel was suffering from a pressure ulcer when she was admitted to EARH in May of 2019. Plaintiffs allege EARH staff breached the standard of care by improperly treating the wound for over three months. They allege the breach resulted from ineffective treatment without reassessment of the treatment strategy. "As a result of EARH's wrongful conduct, Karen Thiel suffered delayed healing, increased pain and suffering[,] and other damages."

**Legal Standard**

Rule 56 of the Federal Rules of Civil Procedure allows a party to move for summary judgment by identifying each claim or defense on which summary judgment is sought. Fed. R. Civ. P. 56(a). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT IN PART; REMANDING CASE # 5**

beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## Applicable Law

### 42 U.S.C. § 1983

42 U.S.C. § 1983 provides a cause of action for those deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under the color of law. 42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Conner*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). A § 1983 claim must show both that (1) "the conduct complained of was committed by a person acting under color of state law; and (2) [sic] this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986). A person deprives another of a constitutional right "within the meaning of § 1983, if he does

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT IN PART; REMANDING CASE # 6**

an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

*The Equal Protection Clause*

The Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States prohibits the States from denying "to any persons within its jurisdiction the equal protection of the laws." US CONST. amend XIV, § 1. The clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985).

The Fourteenth Amendment protects from both intentional discrimination based on membership in a protected class, and from being intentionally, and without rational basis, treated differently from others similarly situated. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 601 (2008). The latter is known as a "class of one" claim. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiffs clarified in their Memorandum of Law in Opposition to Defendant's Second Motion to Dismiss that they are bringing a "class of one" claim. ECF No. 6, 6-8. A party pleading a class of one equal protection claim must allege facts showing that they have been "[1] intentionally [2] treated differently from others similarly situated and that [3] there is no rational basis for the difference in the treatment." *Olech*, 528 U.S. at 564; *SmileDirectClub, LLC v. Tippins*, 31 F.4th 1100, 1122-23 (9th Cir. 2022).

"A class of one plaintiff must show that the discriminatory treatment was intentionally directed just at him, as opposed to being an accident or a random act." *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). Intent implies "the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT IN PART; REMANDING CASE # 7**

identifiable group." *Pers. Adm'r. of Mass. v. Feeney*, 442 U.S. 256, 279 (1979). "Conclusory statements of bias do not carry the nonmoving party's burden in opposition to a motion for summary judgment." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

The Ninth Circuit recently adopted the reasonings of the First, Second, Sixth, Seventh, and Eleventh Circuits when it held that "a class-of-one plaintiff must be similarly situated to the proposed comparator in all material respects" for the purpose of a class of one claim. *SmileDirectClub*, 31 F.4th at 1123. Finally, "the existence of a clear standard against which departures [from standard treatment], even for a single plaintiff, can be readily assessed" is significant for class of one claims. *Engquist*, 553 U.S. at 602.

### The Federal Nursing Home Reform Act

42 U.S.C. § 1396r(c)(1)(A)(v)(I) of the Federal Nursing Home Reform Act states the requirements related to residents' rights or accommodation of needs include the right to "reside and receive services with reasonable accommodation of individual needs and preferences, except where the health and safety of the individual or other residents would be endangered." A recent Supreme Court decision has created a § 1983-enforceable right from a different provision of the FNHRA. *Health & Hospital Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166, 186 (2023). However, no court has found the provision at issue in this case provides a private cause of action for plaintiffs.

### Qualified Immunity

"Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982). The focus of qualified immunity is whether the government officer had "fair notice their conduct was unlawful," in light of the specific context of the case. *Brosseau*

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT IN PART; REMANDING CASE # 8**

*v. Haugen*, 543 U.S. 194, 198 (2004). Therefore, if the law at the time did not clearly establish the conduct would violate the Constitution, an officer will be protected if "she makes a decision that, even if unconstitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." *Id.*

The plaintiff bears the burden of pleading facts showing "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). The court can determine whether both are present in any order during its analysis. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Supreme Court "caselaw does not require a case directly on point for a right to be clearly established." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018). However, the constitutional or statutory question should be placed "beyond debate," and clearly established law should not be defined at a "high level of generality." *Id.* Instead, the inquiry must consider whether the conduct is violative within the "specific context of the case." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015); *Brosseau*, 543 U.S. at 198.

*Monell Liability under 42 U.S.C. § 1983*

The Supreme Court held in *United States v. Monell* that Congress intended government entities and other local government units to be liable as other persons under 42 U.S.C. § 1983. 436 U.S. 658, 691 (1978). However, a municipality may only be liable if its official policy "'causes' an employee to violate another's constitutional rights," and not on a theory of respondeat superior. *Id.* at 692. "Thus, our first inquiry in any case alleging municipal liability under § 1983 is the question [of] whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. The inquiry is a difficult one." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). A government entity's policies must be the "moving force behind the constitutional violation" to make the entity

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT IN PART; REMANDING CASE # 9**

liable. *Id.* at 388-89 (internal quotation omitted). Governmental custom can give rise to § 1983 liability if the practices are "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 167-68 (1970).

A plaintiff has three ways to establish municipal liability, given the restriction on respondeat superior liability. *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992). First, "the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity'" *Id.* (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989) (internal quotation omitted)). Second, a plaintiff may "establish that the individual who committed the constitutional tort was an official with 'final policy-making authority' and that the challenged action itself thus constituted an act of official governmental policy." *Id.* Third and finally, the plaintiff may prove an official with policy-making authority "ratified a subordinate's unconstitutional decision or action and the basis for it." *Id.*

### Discussion

Plaintiffs have not pled facts showing Mecham intentionally discriminated against Thiel sufficient to survive Mecham's motion for summary judgment. The undisputed facts show Mecham responded to Thiel's fall with another nurse and eventually charted the fall, albeit the next day. Plaintiffs have pled no facts showing the timing of Mecham's chart had anything to do with Thiel's dementia, or that he intentionally delayed charting the fall due to Thiel's dementia. Nor have Plaintiffs pled facts showing how patients similarly situated to Thiel have been treated. Plaintiffs have not provided evidence of other materially similar patients' care with which Thiel's can be compared. Therefore, without facts showing Plaintiffs have met the first or second prongs of a class of one equal protection claim, Defendant Mecham is entitled to summary judgment as a matter of law on

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT IN PART; REMANDING CASE # 10**

Claim II. And as a result, Defendant EARH is entitled to summary judgment as a matter of law on Claim V. EARH cannot have ratified a constitutional violation when the underlying claim establishing the violation is dismissed as a matter of law.

Additionally, Mecham is entitled to qualified immunity because Plaintiffs have not shown any clearly established right Mecham violated, having failed to establish the elements of an equal protection claim. Case law has not clearly established that the provision of the FNHRA at issue provides a private cause of action. Therefore, since Mecham was not provided notice his actions were unlawful, he is entitled to qualified immunity on Claim VI.

Finally, Defendant EARH is entitled to judgment as a matter of law on Plaintiffs' § 1983 claim under FNHRA because no caselaw clearly establishes the provision of the FNHRA at issue provides § 1983-enforceable rights. Therefore, EARH cannot have 'caused' Mecham to violate unestablished constitutional rights. Plaintiffs have not met their burden to plead any other constitutional rights Mecham or EARH violated, or that EARH ratified in some way. Therefore, Defendant EARH is entitled to judgment as a matter of law on Claim VI.

The Court declines to rule on Defendant EARH's motion for summary judgment on Claim I regarding incidents II and III.

## Remaining Motions Dismissed as Moot

Defendants request that the Court strike two of Plaintiffs' submissions, ECF No. 88 (Declaration of Lamar Thiel) and ECF No. 89 (Declaration of Julia Parker), submitted in support of Plaintiffs' motion for summary judgment. ECF No. 85. The Court did not consider either submission when resolving the parties' motions because neither were cited in the motions. Therefore, the Court strikes Defendants' motion as moot. With the dismissal of the federal claims, the Court similarly did not consider the pending motions to exclude testimony or the motion to compel discovery. These remaining motions are also dismissed as moot.

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT IN PART; REMANDING CASE # 11**

## Conclusion

Plaintiffs have not met their burden to survive Defendants' motions for summary judgment on the § 1983 claims. Therefore, Defendants are entitled to judgment as a matter of law on Claims II, V, and VI. Claims II, V, and VI are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over the remaining three state-law claims of Medical Negligence, Ordinary Negligence, and Unlawful Discrimination under the Washington Law Against Discrimination.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant EARH's Motion for Summary Judgment, ECF No. 80, is **GRANTED** in part as to Plaintiffs' 42 § 1983 claims.

2. Defendant EARH's Motion for Summary Judgment, ECF No. 83, is **GRANTED** in part as to Plaintiffs' 42 § 1983 claims.

3. Plaintiffs' Motion for Partial Summary Judgment, ECF Nos. 84 and 85, are **DISMISSED as MOOT**.

4. Defendants' Motion to Strike, ECF No. 98, is **DISMISSED as MOOT**.

5. Defendants' Motion to Exclude Plaintiffs' Expert Testimony, ECF No. 59, is **DISMISSED as MOOT**.

6. Plaintiffs' Motion to Exclude Defendants' Expert Testimony, ECF No. 61, is **DISMISSED as MOOT**.

7. Plaintiffs' Motion to Compel, ECF No. 93, is **DISMISSED as MOOT**.

8  Plaintiffs' Claims I, II, and IV are **DISMISSED with prejudice**.

9. Plaintiffs' Second Amended Complaint, ECF No. 74, is **REMANDED** to the Adams County Superior Court.

//

//

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT IN PART; REMANDING CASE # 12**

10. The Clerk of Court shall enter **JUDGMENT** for Defendants and against Plaintiffs as to Plaintiffs' Claims I, II, and IV.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to file this Order, provide copies to counsel, enter judgment, and **close** the file.

**DATED** this 9th day of August 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT IN PART; REMANDING CASE # 13**